IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA L. MATHIS                                                                                        PLAINTIFF

vs.                                        Civil No. 2:10-cv-02117

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rhonda Mathis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed an application for SSI on June 21, 2006. (Tr. 109-111). Plaintiff alleged she was disabled due to back pain and panic disorder. (Tr. 132). Plaintiff alleged an onset date of January 1, 2006. (Tr. 109). This application was denied initially and again upon reconsideration. (Tr. 77-84). On July 19, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 85).

This hearing request was granted, and a hearing was held on December 1, 2008 in Fort Smith, Arkansas. (Tr. 16-57). At this hearing, Plaintiff was present and was represented by counsel, Davis

Duty. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had an obtained a GED. (Tr. 21-22).

On May 11, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI and a period of disability. (Tr. 65-72). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 21, 2006. (Tr. 67, Finding 1). The ALJ determined Plaintiff had the severe impairments of a back disorder, significant for osteomyelitis and status postoperative for compression fracture at T-8, as well as an anxiety disorder. (Tr. 67, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 67, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 68-70, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC as follows:

> The claimant has the residual functional capacity to perform less than sedentary work. Primarily secondary to pain, in addition to lifting/carrying no more than 10 pounds and standing and/or walking and sitting for 2 hours and 6 hours out of an 8-hour workday, respectively, the claimant is able to only occasionally reach overhead bilaterally or stoop, crouch, bend, crawl, kneel, balance, [and] climb stairs/ramps, and is unable to perform any activities involving climbing of ropes/ladders/scaffolds, unprotected heights/dangerous equipment-machines, or any work involving extreme vibration or driving. As a result of her anxiety disorder, she can perform only that work involving non-complex, simple instructions, little judgment, tasks which can be learned by rote, having few variables, as well as routine and repetitive activities requiring only superficial contact incidental to the work/with the public/co-workers and involving supervision which is concrete, direct and

specific. 
(Tr. 68, finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 70, Finding 5).  The VE testified at the administrative hearing regarding Plaintiff's PRW.  (Tr. 24).  The VE testified that Plaintiff's PRW included work as a CNA. *See id.*  The ALJ found Plaintiff could not perform this PRW.  (Tr. 70, Finding 5).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 70-71, Finding 9).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an assembler, shoe buckler, and lacer with approximately 1,100 such jobs in Arkansas and 63,308 such jobs in the nation. (Tr. 52).  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 21, 2006 through the date of the ALJ's decision.  (Tr. 71, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7).  *See* 20 C.F.R. § 404.968.  On June 3, 2010, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On August 5, 2010, Plaintiff filed the present appeal. ECF No. 1.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, in her appeal brief, Plaintiff claims the following: (A) the ALJ erred in determining Plaintiff's severe impairments; (B) the ALJ erred in her RFC determination and (C) the ALJ erred in finding other work exists in significant numbers that Plaintiff can perform. *Id.* In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 10.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's impairments and their effects. Thus, this Court will only address this issue.

Plaintiff claims the ALJ erred in determining Plaintiff's severe impairments ECF No. 9, Pg. 10. The ALJ found that Plaintiff had severe impairments of back disorder, significant for osteomyelitis and status postoperative for compression fracture at T-8, as well as an anxiety disorder. (Tr. 67, Finding 2). Plaintiff argues there were additional impairments that the ALJ failed to included as severe. ECF No. 9, Pg. 10. At step two of the sequential evaluation process, the ALJ is to

determine whether Plaintiff's impairments are severe. 20 C.F.R. §404.1520(a)(4)(ii).  To be severe, an impairment must significantly limit an individual's physical or mental abilities to do basic work activities.  Social Security Ruling 96-3p.

According to Plaintiff, two psychologists who examined Plaintiff, Dr. Kathleen Kralik and Dr. Robert Spray, each diagnosed her with mental impairments beyond anxiety disorder.  These included pain disorder associated with both psychological factors and a general medical condition; mood disorder, not otherwise specified; personality disorder, not otherwise specified, with histrionic, avoidant, dependent, obsessive, and antisocial personality features; and dysthymia.  (Tr. 300-309, 404-410).

On January 22, 2007, Plaintiff was examined by Dr. Kathleen Kralik.  (Tr. 300-309).  Dr. Kralik performed a Mental Status Diagnostic Evaluation on Plaintiff.  In performing this examination, Dr. Kralik prepared a Diagnostic Impression which found Plaintiff had an anxiety disorder.  (Tr. 308). This diagnosis was found by the ALJ to be a severe impairment.  (Tr. 67).  Dr. Kralik also found Plaintiff suffered from a pain disorder associated with both psychological factors and a general medical condition; a mood disorder; and a personality disorder.  (Tr. 308).  The ALJ failed to include these disorders as "severe impairments" or in any way discuss these findings.

Furthermore, Dr. Kralik found Plaintiff's Global Assessment of Functioning (GAF) as 31-40. (Tr. 308).  This score denotes significant impairment of social and occupational functioning according to both the DSM-IV and Eighth Circuit law in *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003) (noting a GAF score of 50 or below reflects a serious limitation on a claimant's ability to perform basic life tasks).  The ALJ failed to discuss this GAF score in her decision.

On September 29, 2008, Plaintiff was examined by Dr. Robert Spray who prepared a Psychological Evaluation of Plaintiff.  (Tr. 404-410).  In addition to an anxiety disorder, Dr. Spray

6

also found Plaintiff suffered from a personality disorder and dysthymia.[1]  As with Dr. Kralik's findings, the ALJ failed to discuss these findings in her opinion.

The analysis of the findings of Dr. Kralik and Dr. Spray performed by the ALJ in this matter is insufficient and this case should be reversed and remanded for further consideration of their findings.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of these reports should be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 17th day of June, 2011.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] A chronic type of depression.  See *Merck Manual* 1705 (18th ed. 2006)

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.